Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BRENDA TORO MONTES<br><br>Querellante-Peticionaria<br><br>v.<br><br>CC1 LIMITED PARTNERSHIP H/N/C COCA-COLA PUERTO RICO BOTTLERS<br><br>Querellada-Recurrida | TA2025CE00847 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: BY2023CV02479<br><br>Sobre:<br>Discrimen y Represalia Ley Núm. 44 del 2 de julio de 1985<br>Ley Núm. 2 del 17 de octubre de 1961<br>Ley Núm. 100 del 30 de junio de 1959<br>Ley Núm. 115 del 21 de diciembre de 1991 SINOT<br>Ley Núm. 80 del 30 de mayo de 1976 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante *nos*, Brenda Toro Montes (peticionaria) y nos solicita que revisemos la *Resolución* emitida y notificada el 20 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI denegó la solicitud de prórroga para radicar una oposición a moción de sentencia sumaria que presentó la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *denegamos* el auto de *certiorari*, por los fundamentos que exponemos a continuación.

**I.**

El 9 de mayo de 2023, la peticionaria presentó una Querella contra CC1 Limited Partnership H/N/C Coca Cola Puerto Rico

Bottlers (recurrida) por despido injustificado, discrimen por impedimento y violaciones a SINOT, al amparo del procedimiento sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961 (32 LPRA sec. 3118 *et seq.*) también conocida como *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2). Luego de varios trámites procesales, el 15 de septiembre de 2025, la recurrida presentó una moción de sentencia sumaria. Ante ello, el TPI le ordenó a la peticionaria radicar su oposición a la moción en o antes del 17 de octubre de 2025.

Así las cosas, el 17 de octubre de 2025, la peticionaria radicó una solicitud de prórroga solicitando treinta (30) días adicionales para presentar su oposición, debido a lo extenso de la moción dispositiva y a que la peticionaria se encontraba fuera de la jurisdicción atendiendo asuntos relacionados a su salud. Por su parte, el TPI le concedió a la peticionaria hasta el 14 de noviembre de 2025 para presentar su oposición. Sin embargo, el 17 de noviembre de 2025, la peticionaria radicó una nueva solicitud de prórroga, mediante la cual solicitó veinte (20) días adicionales para contestar la moción dispositiva. Dicha solicitud fue declarada No Ha Lugar por el TPI el 14 de noviembre de 2025 y, en consecuencia, dio por sometida la moción de sentencia sumaria sin oposición.

Inconforme con la determinación, el 18 de noviembre de 2025, la peticionaria radicó una moción explicando sus razones para haber presentado la solicitud de prórroga el 17 de noviembre de 2025. Mientras, el 20 de noviembre de 2025, el TPI declaró No Ha Lugar la moción de la peticionaria. En desacuerdo con tal determinación, la peticionaria compareció ante nos y mediante Petición de Certiorari alegó la comisión de los siguientes errores:

PRIMER SEÑALAMIENTO DE ERROR

**Erró el TPI, y abusó de su discreción, en su orden, declarando no ha lugar una moción en solicitud de prórroga para radicar una oposición a una**

**moción de sentencia sumaria, radicada el lunes 17 de noviembre de 2025, en lugar del viernes 14 de noviembre del 2025, que fue el término concedido por el TPI, para radicar la oposición a la moción de sentencia sumaria, o una prórroga para radicar la misma, como primera sanción en contra de la parte querellante, y resolver entonces que la moción de sentencia sumaria sería adjudicada, sin considerar la oposición a la moción de sentencia sumaria, que fue radicada el 20 de noviembre de 2025.**

SEGUNDO SEÑALAMIENDO DE ERROR

**Erró el TPI, y abusó de su discreción, al no querer considerar la oposición a la moción de sentencia sumaria, que ya fue radicada el 20 de noviembre del 2025, en un caso de despido injustificado y de discrimen por impedimento y violaciones a SINOT, radicado bajo el procedimiento sumario bajo la Ley Núm. 2 del 17 de octubre de 1961, que fue radicado en el año 2023, y que al día de hoy, no tiene ningún señalamiento de juicio, y que el único señalamiento que tenía era uno de conferencia con antelación de juicio, que fue dejado sin efecto por el TPI, por lo que la consideración por el TPI de la oposición a la moción de sentencia sumaria, no le causará ningún perjuicio a ninguna de las partes y no causará ninguna dilación de los procedimientos del caso.**

TERCER SEÑALAMIENTO DE ERROR

**Erró el TPI, y abusó de su discreción, al declarar no ha lugar la moción de prórroga radicada por la querellante y resolver que la moción de sentencia sumaria sería considerada sin ninguna oposición, por la prórroga haber sido radicada fuera del término concedido, sin embargo el TPI acogió la moción de sentencia sumaria radicada por la parte querellada, fuera del término concedido por el TPI para radicar la misma, Lo anterior por motivo de que la moción dispositiva radicada por la querellada el 15 de septiembre de 2025, no cumplía con la regla 36 de las de procedimiento civil, por motivo a que la misma solo tenía un solo exhibit, de los 32 a los que hace referencia la moción de sentencia sumaria, por lo que la moción dispositiva, no cumplía con la regla 36 de las de procedimiento civil, por lo que la misma, no podía ser considerada por el TPI.**

A. **Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y*

*otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Banco Popular v. Gómez Alayón y otros*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con

cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

### B. Procedimiento Sumario bajo la Ley Núm. 2-1961

La Ley Núm. 2-1961, *supra,* establece un procedimiento sumario para considerar y adjudicar de manera rápida las querellas que presentan empleados u obreros contra sus patronos. Sección 1 de la Ley Núm. 2-1961 (32 LPRA, sec. 3118). Véase, además, *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 731-732 (2016) citando a *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 923 (1996).

La característica esencial del procedimiento al amparo de la Ley Núm. 2-1961, *supra,* es su naturaleza sumaria. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Por lo tanto, los tribunales tienen la obligación de exigir diligencia y prontitud en la tramitación de las reclamaciones bajo esta ley. *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921 (2008). Sobre el particular, nuestro más alto Foro dispuso que:

> Tanto los tribunales como las partes deben respetar: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. De no hacerlo, el procedimiento se convertiría en ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. *Medina Nazario v. McNeil Healthcare LLC., supra.*

Como es sabido, la Ley Núm. 2-1961, *supra*, dispone de términos más cortos que los provistos para procedimientos ordinarios. A modo de ejemplo, el patrono, una vez se le notifica mediante copia de la querella en su contra[1], deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a la notificación. Sección 3 de la Ley Núm. 2-1961 (32 LPRA sec. 3120). Tanto es así que, en *Vizcarrondo Morales v. MVM, Inc.*, *supra*, el Tribunal Supremo dispuso que un tribunal no tiene discreción para negarse a anotar la rebeldía a un patrono, pasado el término para que conteste la querella sin que ello ocurra y sin que haya solicitado prórroga. Íd., págs. 921–926. Así, "[E]l tribunal sólo tiene la jurisdicción para anotar la rebeldía y dictar sentencia [;] [e]n estos casos, el tribunal no puede ignorar la letra clara de la [Ley 2]". Íd.

Asimismo, cualquier parte afectada por la sentencia *final* que, en su día, dicte el tribunal, tendrá un término jurisdiccional de diez (10) días -siguientes a la notificación- para acudir mediante *certiorari* ante este Tribunal y solicitar la revisión de los procedimientos. Sección 4 de la Ley Núm. 2-1961 (32 LPRA sec. 3121). Para acudir ante el Tribunal Supremo, tendrá veinte (20 días). Íd.

Por otro lado, en *Dávila v. Antilles Shipping, Inc.*, 147 DPR 283, 497 (1999), nuestro Foro Máximo aclaró que las resoluciones interlocutorias que emita el TPI no son revisables por este Tribunal.

---

[1] Esto es así si la notificación se hace dentro del mismo distrito judicial, de otro modo el término es de quince (15) días.

Lo anterior, con excepción de aquellos casos en que: (1) la resolución interlocutoria haya sido dictada por el tribunal de instancia de forma *ultra vires*, sin jurisdicción; (2) la revisión inmediata, en dicha etapa, disponga del caso en forma definitiva; o (3) cuando la revisión inmediata evite una grave injusticia. Solo en estos casos podrá este Tribunal ejercer su facultad de revisar una resolución interlocutoria vía *certiorari*. (Énfasis nuestro). Íd. Véase, además, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021); *Ortiz v. Holsum*, 190 DPR 511, 517 (2014).

Cónsono con la naturaleza sumaria de los procedimientos bajo la Ley Núm. 2-1961, *supra*, nuestro más alto Foro determinó que en estos casos la parte tendrá el término de diez (10) días para recurrir ante este Tribunal. *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 736. Si bien la Ley Núm. 2-1961, *supra*, no provee un término para solicitar revisión de una resolución interlocutoria, el Foro Máximo explicó que este debía ser análogo al término provisto para solicitar la revisión de una sentencia o resolución final del TPI, pues aplicar el término de treinta (30) días establecido por la Regla 52.2 de Procedimiento Civil (32 LPRA Ap. V), resultaría en un "absurdo procesal". Íd., pág. 735.

En atención al carácter sumario de la Ley Núm. 2-1961, *supra*, en *Medina Nazario v. McNeil Healthcare, supra*, el Tribunal Supremo también concluyó que la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2-1961, *supra*. Lo anterior, debido a que "se daría la anomalía de proveer a las partes un término mayor para solicitar reconsideración que el provisto por la [Ley 2], *supra*, para la revisión de determinaciones finales". Íd.

Recientemente, el Tribunal Supremo reiteró que "en un procedimiento sumario laboral provisto por la [Ley 2] no está permitido solicitar reconsideración de determinaciones judiciales,

ya sean éstas interlocutorias o finales". *León Torres v. Rivera Lebrón*, 204 DPR 20, 32-33 (2020). Concluyó, además, que la presentación de una moción de reconsideración es incompatible con el procedimiento sumario laboral que provee la Ley Núm. 2-1961, *supra*. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 450 (2016).

Así pues, corresponde a los tribunales asegurar la estricta observancia del proceso sumario provisto por la Ley Núm. 2-1961, *supra*; por lo cual, también, les está vedado conceder prórrogas que no se ajusten al mandato legislativo. *León Torres v. Rivera Lebrón*, *supra*.

**III.**

En el caso ante nuestra consideración, la parte peticionaria presentó una *Querella* al amparo del procedimiento sumario establecido en la Ley de Procedimiento Sumario de Reclamaciones Laborales. Mediante su *Petición de Certiorari*, la parte peticionaria nos solicita que revisemos una *Resolución* interlocutoria que emitió el TPI, mediante la cual declaró *No Ha Lugar* su segunda solicitud de prórroga para presentar su oposición a la moción de sentencia sumaria presentada por la recurrida.

Según el derecho que antecede, específicamente, según lo resuelto por nuestro máximo Foro en *Dávila Rivera v. Antilles Shipping, Inc.*, *supra*, la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y no son revisables por este Tribunal, salvo contadas excepciones. Además, cabe destacar que en el presente caso no está presente ninguna excepción a la referida norma jurisprudencial. Entiéndase, la resolución interlocutoria no fue dictada sin jurisdicción, nuestra intervención no dispondría de manera definitiva del asunto y el dictamen recurrido no constituye una grave injusticia que amerite

nuestra intervención en esta etapa de los procedimientos. *Díaz Santiago v. PUCPR et al.*, *supra.*

Así pues, ante la clara ausencia de alguna de las excepciones a la norma jurisprudencial antes reseñada, procede que nos abstengamos de intervenir en la revisión de la *Resolución* interlocutoria emitida y notificada por el TPI el 20 de noviembre de 2025.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones